MEMORANDUM *
Alex Kozinski, Circuit Judge, Presiding
North of England Protecting and Indemnity Association (NOE) appeals the adverse judgment entered after a bench trial in its negligence action against Tesoro Refining .and Marketing Company. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. The district court did not err by rejecting NOE’s claim that Tesoro was negligent by failing to deploy a boom with a standoff around the entire vessel before the oil spill. Although Tesoro’s operations manual could be read as requiring a standoff around the entire vessel, the district court did not clearly err by finding the manual ambiguous. The meaning of the manual is not apparent from the manual’s language alone, and extrinsic evidence presented at trial provided substantial evidence for the district court’s finding of ambiguity. Cf. Pac. Gas & Elec. Co. v. G.W. Thomas Dray age & Rigging Co., 69 Cal.2d 33, 69 Cal.Rptr. 561, 442 P.2d 641, 644 (1968); Emp’rs Reinsurance Co. v. Superior Court, 161 Cal.App.4th 906, 74 Cal.Rptr.3d 733, 744 (2008) (considering language and extrinsic evidence to determine the meaning of a contract capable of two or more constructions). Tesoro’s proffered interpretation was consistent with Tesoro’s contemporaneous understanding of the manual (per Tesoro’s Rule 30(b)(6) witness), with Tesoro’s longstanding implementation of the manual and with California regulations. Cal. Code Regs. tit. 2, § 2395(d). Further, because state enforcement officials did not advise Tesoro they believed its operations manual imposed a higher duty than the governing offloading regulation, or cite Tesoro for violating another regulation, there is no evidence that Tesoro’s proffered reading was implausible or that Tesoro was put on notice that its understanding and implementation of Section O may have been contrary to law. The district court therefore did not clearly err by finding the manual ambiguous. Even if *503 we were to consider the interpretation of the manual ultimately to be a question of law, cf. Winet v. Price, 4 Cal.App.4th 1159, 6 Cal.Rptr.2d 554, 557 (1992), we would reach the same conclusion. Accordingly, we need not address whether Tesoro committed negligence per se. Cal. Evid. Code § 669. .
The district court likewise did not clearly err by finding the absence of a custom or practice requiring a standoff around the entire vessel. The manual was ambiguous, California regulations concerning offloading did not require it and testimony by NOE’s expert, Frank Whipple, was inconclusive.
2. The district court did not abuse its discretion by refusing to allow Whipple to testify as an expert about his survey, offered to establish custom or practice. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (reviewing the exclusion of expert testimony for abuse of discretion). The district court properly precluded Whipple from testifying as an expert because NOE failed to disclose the survey as required by Rule 26. Whipple, moreover, was permitted to testify about his survey as a fact witness, but the district court permissibly accorded this testimony little weight in light of its unscientific methods. In any event, any error in excluding the expert testimony was harmless. Whipple was permitted to introduce evidence of the survey as a fact witness, and his testimony was not persuasive. See Harper v. City of Los Angeles, 533 F.3d 1010, 1030 (9th Cir. 2008) (reviewing the exclusion of expert-testimony for harmless error).
Because NOE failed to establish Tesoro had a duty to maintain a standoff at all points from the vessel, we need not address the district court’s alternative findings as to breach, causation and damages.
3.The district court did not err by rejecting NOE’s claim that Tesoro was negligent in deploying a secondary boom after the oil spill. NOE failed to establish when Tesoro employed the secondary boom. It also failed to present evidence to show what amount of time would have been reasonable under the circumstances given the misunderstanding of the spill’s severity.
AFFIRMED.
***
•Tesoro’s motion to strike (Dkt. 22) is GRANTED.

 This disposition is not appropriate for publica- ' tion and is not precedent except as provided by Ninth Circuit Rule 36-3.